UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-CV-10653-GAO

PHYLLIS MADANIAN
Petitioner,

v.

UNITED STATES OF AMERICA
Respondent.

OPINION AND ORDER
March 13, 2014

O'TOOLE, D.J.

The petitioner Phyllis Madanian, subject to an audit by the Internal Revenue Service ("IRS"), moved to quash summonses issued to third parties. The respondent United States has moved to dismiss petitioner's Motion to Quash for lack of subject matter jurisdiction.

The petitioner is a resident of New Hampshire, owning a gym and a fudge business. The IRS, pursuant to an audit of the petitioner, issued summonses to Citizens Bank and Cambridge Trust Company, requiring production of records pertaining to accounts in the name of Phyllis E. Madanian for the periods of January 1, 2010 through December 31, 2012. By mail, the IRS sent notice of these summonses to petitioner on November 12, 2013, which was received on November 26, 2013[1]. The petitioner filed a Motion to Quash on December 9, 2013.

The IRS must provide notice of the summons to the person about whom information is sought. Berman v. United States, 264 F.3d 16, 18 (1st Cir. 2001) (citing I.R.C. § 7609(a)(1)).

---

[1] The notice of the summons was initially mailed by the respondent to the petitioner on November 12, 2013 as shown on the tracking information. (dkt. no. 6-4 pg. 4.) Initial delivery to the petitioner was attempted on November 13, 2013, but was not successfully signed for and received by the petitioner until November 26, 2013. (dkt. no. 6-4 pg. 1.)

That person has "the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)." I.R.C. § 7609(b)(2)(A). Subsection 7609(a)(2) provides that the "notice 'shall be sufficient if . . . mailed.'" Berman, 264 F.3d at 18 (citing Id. § 7609(a)(2)). The 20-day time period thus begins to run with the mailing. Id. The present petition was untimely when measured from the date of mailing.

Moreover, the requirement that a petition be filed within 20 days of the mailing is jurisdictional and must be strictly construed. Faber v. United States, 921 F.2d 1118, 1119 (10th Cir. 1990); Stringer v. United States, 776 F.2d 274, 275 (11th Cir. 1985); see United States v. Testan, 424 U.S. 392, 399 (1976) ("[T]he United States, as sovereign, 'is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941))).

Petitioner argues that Henderson v. Shinseki, 131 S. Ct. 1197 (2011) modifies the view taken by earlier decisions and justifies treating the 20-day period as procedural. Henderson does not have that effect. The nonjurisdictional claim-processing rule found in Henderson was a filing deadline of an Article I tribunal as part an administrative scheme, with informal and nonadversarial qualities. Henderson, 131 S. Ct. at 1204, 1206. Furthermore, reading the 20-day limitation in subsection 7609(b) within the context of the entire statute shows clear Congressional intent of it being a jurisdictional rule. Subsection 7609(h) titled "Jurisdiction of district court; etc.--" provides that the "United States district court . . . shall have jurisdiction to hear and determine any proceeding brought under subsection [7609](b)(2)." I.R.C. § 7609(h). "Jurisdictional treatment of statutory time limits makes good sense . . . Congress decides whether

federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them." Bowles v. Russell, 551 U.S. 205, 212-13 (2007). The interplay between subsections (h) and (b)(2) is such that subsection (h) provides a district court with jurisdiction over proceedings to quash, and subsection (b)(2) provides for when such a proceeding to quash is under a district court's jurisdiction. More specifically, a district court has jurisdiction over a proceeding to quash that has begun "not later than the 20th day after the day such notice is given." I.R.C. §§ 7609(b)(2), 7609(h). Since Congress has "specifically limited the amount of time by which district courts" can allow for a proceeding to quash, this "limitation is more than a simple 'claim-processing rule.'" Bowles, 551 U.S. at 213. The 20-day limitation provision provided in section 7609(b)(2) is thus a jurisdictional rule, and "must be strictly construed." Faber, 921 F.2d at 1119.

The petitioner filed her Motion to Quash on December 9, 2013, which is 27 days after the IRS mailed the notice. This amounts to 7 days beyond the 20 days allowed by statute. The Court is without jurisdiction and her Motion must be dismissed.

For the foregoing reasons, the respondent's Motion to Dismiss (dkt. no. 6) is GRANTED. The matter is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge